UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/2016

DON ALAN MCLAUGHLIN,

                Plaintiff,

-against-

DAVID E. CHONG, COMMISSIONER; JAMES M. BRADLEY, POLICE CHIEF; DITTER A. BARRON, OFFICER; ANTONIO G. CUERVO, OFFICER; GLEN C. HOCHMAN, OFFICER; CITY OF WHITE PLAINS; UNKNOWN DRIVER; and JOHN DOES 1-5, jointly and severally,

                Defendants.

No. 13-cv-0807 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Don Alan McLaughlin ("Plaintiff" or "McLaughlin"), brings this action pursuant to 42 U.S.C. § 1983 against the City of White Plains Police Commissioner David E. Chong ("Chong") and Police Chief James M. Bradley ("Bradley") (collectively, "Defendants") for alleged violations of his rights under the Fourth, Fifth, Eighth, and Ninth Amendments of the U.S. Constitution. Before the court is Defendants' motion to dismiss the Amended Complaint ("AC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiff's claims are time barred. Plaintiff cross-moves pursuant to Rule 12(f) to strike Defendants' motion on the basis of frivolity. For the following reasons, Defendant's motion is GRANTED and Plaintiff's cross-motion is DENIED.

Copies mailed/faxed 3/29/2016
Chambers of Nelson S. Román, U.S.D.J.

BACKGROUND

The following facts are derived from the Amended Complaint unless otherwise noted, and are accepted as true for purposes of this motion.

On February 16, 2011 at approximately 4:30 p.m., Plaintiff was traveling with a friend, Stacey Cumberbatch ("Cumberbatch") within the City of White Plains. (Amended Complaint "AC," ECF No. 14, ¶ 17.) After turning onto Maple Avenue from Waller Avenue, Plaintiff observed emergency turret lights behind him and pulled over. (*Id*.) Police Officer Ditter A. Barron ("Barron") approached his vehicle and requested that Plaintiff present his driver's license and registration(*Id*. ¶ 18.) In response, Plaintiff asked, "are you detaining me?" Barron then repeated himself multiple times before returning to his vehicle. (*Id*. ¶¶ 19-20, 23.) Soon thereafter, two additional police vehicles arrived at the scene, and Barron, along with Officer Antonio G. Cuervo ("Cuervo") and Officer Glen C. Hochman ("Hochman") approached Plaintiff's vehicle and opened the driver's door. (*Id*. ¶¶ 23-26.) The officer's again requested to see Plaintiff's identification, to which Plaintiff responded, "am I being detained?," and then stated, "I do not consent to being detained and do not consent to a search." (*Id*. ¶ 27.) After repeated requests for identification, Plaintiff began searching through his wallet for identification when Barron, Cuervo, and Hochman forceably removed him from his vehicle and began kicking and beating him. (*Id*. ¶¶ 28, 30-32.) One of the officers started shouting, "Stop resisting! Stop resisting!," while the others held him down, twisted his arm, and handcuffed him tightly. (*Id*. ¶¶ 32-35.) They then put him into the police car and searched his vehicle. (*Id*. ¶¶ 35-36.) His vehicle was subsequently towed by a tow truck driver to Brendan's Auto Body. His passenger, Cumberbatch, was left without a way home. (*Id*.)

Plaintiff was taken to the White Plains Police Department where he was handcuffed to a railing for about three hours before being fingerprinted and photographed. (*Id*. ¶¶ 37-41.) Officers

tore his t-shirt, cut the string on his sweat pants, and placed him in a cold cell for approximately thirteen hours. (*Id*. ¶¶ 45-46.) The lights in the cell were left on causing him to be unable to sleep, and he was not allowed any privacy to use the bathroom. (*Id*. ¶¶ 47-49.)

Plaintiff, *pro se*, filed his initial complaint on January 31, 2013. By order of this Court, dated June 19, 2013, Plaintiff was directed to file an amended complaint on the basis that his initial complaint lacked sufficient facts in support of his claims. On March 3, 2014, Plaintiff filed his amended complaint alleging 42 U.S.C. § 1983 violations of his Fourth, Fifth, Eighth, and Ninth Amendment rights. The Amended Complaint serves as the operative complaint.

STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint does not require "detailed factual allegations" to survive a motion to dismiss, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

*Pro se* submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis omitted). Courts utilize this policy for *pro se* submissions based on "the understanding that [i]mplicit in the right of

self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id*. at 475 (internal citations and quotations omitted).

DISCUSSION

I. Rule 12(f) Motions to Strike

Plaintiff moves pursuant to FRCP 12(f), seeking a court order striking defendants' motion dismiss. Plaintiff asserts defendants' motion should be stricken on the basis that the motion is frivolous and defendants have purportedly not contested any of the underline facts. Plaintiff's motion, however, lacks merits.

Rule 12(f) provides in relevant part that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). The purpose of Rule 12(f) is to create a clear mechanism for the court to save time and expense by eliminating certain items from pleadings when the items clearly lack merit, and also for the court to dispose of irrelevant allegations. See *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues."); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Though Plaintiff correctly asserts that Defendants' motion must comply with the requirements delineated in FRCP 10 and 7, compliance with said rules does not make a motion a pleading. Of significance, FRCP 7(a) defines a pleadings as a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross complaint, a third-party complaint, an answer to

a third-party complaint and, if permitted, a reply to an answer. Rule 7(a) contains an exhaustive list of what constitutes a pleading, which does not include a motion.

While a motion to strike, pursuant to Rule 12(f), may be used by a plaintiff as a vehicle to raise the insufficiency of a defense, it is directed at the pleadings, and may not be used to ask the court to strike motions. *See* FRCP 12 Advisory Comm. Notes 1946; *Sidney-Vinstein*, 697 F.2d at 885 ("Under the express language of the rule, only pleadings are subject to a motion to strike."). Therefore, Plaintiff's motion to strike Defendants' motion to dismiss is denied on the basis that a motion is not a pleading. *Drew v. Chase Manhattan Bank, N.A.*, 1998 WL 430549, at *4 (S.D.N.Y. July 30, 1998); *Sierra v. United States*, 1998 WL 599715, at *9 (S.D.N.Y. Sept.10, 1998); *National Union Fire Ins. Co v. Hicks, Muse, Tate,& Furst, Inc.*, 2002 WL 1482625, at *6 (S.D.N.Y. July 10, 2002).

Nonetheless, where a party erroneously directs a motion to strike at a non-pleading, the court may construe the motion as an invitation for the court to consider the arguments made in the motion. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 313 (N.D.N.Y. 2008), *abrogated on other grounds by*, *Widomski v. State University of New York (SUNY) at Orange*, 748 F.3d 471 (2d. Cir. 2014)) (while court could not strike allegedly defective motion, court could consider the arguments raised when making its ruling on the motion). Accordingly, the court will consider the arguments made in the motion to strike.

II. Statute of Limitations

There is no federal statute of limitations for 42 U.S.C. § 1983 claims. Thus, courts apply the statute of limitations for personal injury actions under state law. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989); *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013). Under New York Law, CPLR § 214,

personal injury actions have a three-year statute of limitations. Thus, Section 1983 actions filed in New York are subject to a three-year statute of limitations. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997).

The Statute of Limitations on a Section 1983 claim begins to run when plaintiff "knows or has reason to know" of the harm. *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal citations omitted). Similarly, Section 1983 actions against unnamed defendants, typically referred to as "John Doe" pleadings," have a three year statute of limitations. *See Ceara v. Deacon*, 68 F.Supp.3d 402 (S.D.N.Y. 2014). Claims asserted in an amended complaint, including claims asserted against a recently identified and named John Doe defendant may relate back to the original complaint or prior pleading provide it complies with FRCP 15(c). *Aslinidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) citing *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 126-7 (10th Cir. 1991).

Rule 15(c) provides in relevant part,

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[1] for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[1] FRCR 4(m) provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Compliance with Rule 15(c) requires that the claim must have arisen out of conduct set out in the original pleading; the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; that party should have known that, but for a mistake of identity, the original action would have been brought against it; and the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and that the original complaint was filed within the limitations period. *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d Cir. 1995).

The filing of an amended complaint, which identifies and substitutes a John Doe with a named party, absent strict compliance with Rule 15(c), cannot be used to circumvent the rule. *Aslinidis*, 7 F.3d at 1075 (internal citations omitted). John Doe substitutions "may only be accomplished when all of the specifications of FRCP 15(c) are met." *Id*. Indeed, pursuant to Rule 15(c), an amended complaint, including one involving the substitution of a John Doe defendant, relates back to the time of the original filing if the new party was aware of the action within 120 days of the filing of the original complaint. *Barrow*, 66 F.3d at 469.

The Second Circuit has interpreted the rule to "preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan,* 738 F.3d at 517 (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)). Furthermore, relation back due to a mistake concerning the identity of the parties is allowed, but the "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow*, 66 F.3d at 470. In other words, under *Barrow*, the lack of knowledge of a John Doe defendant's name does not constitute a "mistake of identity" and cannot justify the application of the relation back doctrine. *Id*.

Plaintiff's initial Complaint made no claims of inadequate training or supervision such as those asserted against Chong and Bradley in the Amended Complaint. (*See* Complaint, ECF No.

2.) The new claims against Chong and Bradley are based upon a different set of factual allegations than those alleged in the original Complaint. Additionally, neither Chong nor Bradley could have or should have known that but for a "mistake of identity," Plaintiff would have made claims against them in the first Complaint. *Barrow*, 66 F.3d at 470. Moreover, Plaintiff's original Complaint alleges that the officers involved in the incident acted outside the scope of their jurisdiction and authority, and not pursuant to a custom or practice encouraged by their supervisors, making it even less likely for Chong or Bradley to have learned about the claims against them. (Complaint, at 5.) Chong and Bradley would also have been unaware of Plaintiff's intentions to add them as defendants, since the Amended Complaint was filed more than 120 days after the filing of the original Complaint. Lastly, it is specious for Plaintiff to allege that he was unaware of Chong and Bradley's identities, as they are both public officials whose positions with the White Plains Police Department are easily ascertainable. The new Defendants were added not to correct a mistake but rather to assert new claims based on additional facts and theories of liability. Therefore, Rule 15(c) for relation back is inapplicable.

Rule 15(c)(1)(A) permits an amended pleading to relate back when "the law that provides the applicable statute of limitations allows relation back." The Rules Advisory Committee noted that if the applicable limitations law—in this case, New York state's statute of limitations—"affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Fed. R. Civ. P. 15, Advisory Comm. Notes 1991. Since Section 1983 derives its statute of limitations from state law, and since New York state law provides a "more forgiving principle of relation back" in the John Doe context compared to the federal relation back doctrine under Rule 15(c)(1)(c), state law relation back doctrine can be applied pursuant to Rule 15(c)(1)(A). *Hogan*, 738 F.3d at 518.

New York CPLR ("CPLR") creates a special procedure for claims alleged against John Doe defendants. CPLR § 1024 provides :

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

Under CPLR § 1024, an amended complaint relates back to the original complaint where: (1) the plaintiff "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant by name"; and (2) the plaintiff "describe[d] the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Hogan,* 738 F.3d at 519 (internal quotations and citations omitted). Due diligence "requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations expire[s]." *Ceara v. Deacon*, 68 F. Supp. 3d at 409 (S.D.N.Y. 2014) (internal quotations and citations omitted).

As discussed above, Plaintiff did not make any allegations in the original Complaint that would "fairly apprise" Chong or Bradley that they were intended defendants. Additionally, Plaintiff cannot satisfy the due diligence requirement, as he failed to take reasonable or prudent measures to timely identify the John Doe defendants. Since the acts alleged in support of Plaintiff's 1983 claims occurred on February 16, 2011 and Plaintiff waited until March 3, 2014, more than three years after the incident, to name and assert new claims against Chong and Bradley, said claims are untimely. Accordingly, the claims must be dismissed as time barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, Plaintiff's cross-motion to strike Defendants' dismissal motion is DENIED. Defendant's motion to dismiss is GRANTED in its entirety. Accordingly, Plaintiff's claims against Defendants Chong and Bradley are deemed DISMISSED. The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 79 and 88, and to terminate Defendants Chong and Bradley. The Parties are directed to appear for an in-person pre-trial conference on May 27, 2016 at 12:00 p.m. The Parties are further directed to confer and to prepare a Case Management and Scheduling Order for submission at the pre-trial conference.

Dated: March 29, 2016  
       White Plains, NY

SO ORDERED:

_____  
Nelson S. Román  
U.S. District Judge