UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DON ALAN MCLAUGHLIN,

    Plaintiff,

-against-

DITTER A. BARRON, ET AL.,

    Defendants.

13-cv-0807 (NSR)(PED)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Don Alan McLaughlin ("Plaintiff"), appearing pro se, commenced this action on February 1, 2013, against the City of White Plains and various other named defendants asserting civil rights violations pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's claims arise from a vehicle stop involving City of White Plains Police Officers. Following the vehicle stop, Plaintiff was arrested and his vehicle was purportedly towed away at the direction of the police to Brendan's Auto Body ("Brendan's") by an unknown driver (the "Unknown Driver"). In August 2016, the Court issued a default judgment against defendants Brendan's and Unknown Driver (collectively, the "Defaulting Defendants"), and referred the matter to Magistrate Judge Paul E. Davison ("MJ Davison"). On January 24, 2018, MJ Davison issued a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), concluding that Plaintiff's allegations do not support a recognizable claim as to the Defaulting Defendants and recommending that Plaintiff's request of an award of damages be denied. (R. & R. (ECF No. 212) 1). For the following reasons, the Court adopts MJ Davison's R&R in its entirety, and Plaintiff's claims against Brendan's and the Unknown Driver are accordingly dismissed.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/20/2018

Copies mailed/faxed 2/20/2018

Chambers of Nelson S. Román, U.S.D.J.

## BACKGROUND

Plaintiff alleges, *inter alia*, that on or about February 16, 2011, while operating his vehicle in the City of White Plains with his companion, Stacy Cumberbatch, he was pulled over by White Plains Police Officer Ditter Barron ("Officer Barron"). After he stopped Plaintiff's vehicle, Officer Barron requested that Plaintiff present his driver's license and vehicle registration. While Plaintiff was searching for the requested documents, two additional police vehicles arrived at the scene. White Plains Police Officers Antonio G. Cuervo and Glen C. Hochman (collectively, with Officer Barron, the "Police Officers") exited those vehicles and joined Officer Barron beside Plaintiff's vehicle. While Plaintiff was searching his wallet for the documents, all three Police Officers then at the scene forcibly removed Plaintiff from his vehicle and repeatedly kicked and beat him. After the Police Officers placed Plaintiff inside of a police vehicle, they searched Plaintiff's vehicle, which was subsequently towed by the Unknown Driver operating a Brendan's tow truck. On February 18, 2011, after being released from police custody, Plaintiff paid $214.75 to a Brendan's employee to release his vehicle. Plaintiff alleges that all named defendants acted wantonly, recklessly, willfully and maliciously, and in concert with state officers.

Following the Defaulting Defendants' failure to appear for a show cause hearing as ordered by the Court, the Court entered a partial default judgement against them. By Order of Reference of this Court, dated August 4, 2016, this matter was referred to MJ Davison for a determination as to whether Plaintiff was entitled to a monetary judgment against the Defaulting Defendants. On January 24, 2018, MJ Davison issued an R&R recommending that this Court deny Plaintiff's request for a monetary judgment and dismiss the claims against the Defaulting Defendants. To date, no party has submitted an objection to the R&R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so requested by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* Fed. R. Civ. P. 72 Advisory Committee Note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, as neither party objected to the R&R issued by MJ Davison, the Court reviews the recommendation for clear error. Upon reviewing Plaintiff's submission and the pleadings, the

3

Court finds no clear error on the face of the R&R, and thus adopts the analysis and conclusions in their entirety.

It is well settled that a defendant who defaults admits all "well-pleaded" factual allegations contained in the complaint. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (*citing Vermont Teddy Bear Co. v. 1-800 Beargram*, 373 F.3d 241, 246 (2d Cir. 2004)). Accordingly, the Court is tasked with the responsibility of determining whether Plaintiff has sufficiently plead a plausible claim upon which relief may be granted. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "To state a claim against a private entity on a [S]ection 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (*quoting Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.1992)). Mere conclusory allegations that a private entity acted in concert with a state actor, as appear in Plaintiff's Amended Complaint, without more, are insufficient to state a Section 1983 claim against the private entity. *Id.* Having failed to allege facts to support a showing that the Defaulting Defendants were acting in concert with law enforcement officers, Plaintiff has not plausibly plead his claims.[1]

## CONCLUSION

For the reasons stated above, this Court adopts MJ Davison's R&R in its entirety. Plaintiff's request for damages is denied and the Court dismisses all Section 1983 claims asserted

---

[1] The Court notes that the mere fact that a company provides services to a municipality pursuant to a contract does not transform the private entity into a state actor, especially where, as here, the function being performed, the towing of cars, has not been historically, traditionally and exclusively the prerogative of the state. *Calderon v. Burton*, 457 F.Supp2d 480, 488 (S.D.N.Y. 2006) citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Black by Black v. Indiana Area School Dist.*, 985 F.2d 707, 711 (3d Cir.1993).

4

against Defaulting Defendants Brendan's and the Unknown Driver. The Clerk of the Court is respectfully directed to dismiss Defaulting Defendants Brendan's and the Unknown Driver from this action.

Dated: February 20, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge