USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DON ALAN MCLAUGHLIN,

               Plaintiff,

-against-

DAVID E. CHONG, Commissioner;
JAMES M. BRADLEY, Police Chief;
DITTER A. BARRON, Officer; ANTONIO G.
CUERVO, Officer; GLEN C. HOCHMAN, Officer;
CITY OF WHITE PLAINS; UNKNOWN DRIVER;
and JOHN DOES 1-5, jointly and severally.

               Defendants.

No. 13-cv-0807 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Don Alan McLaughlin ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 against, *inter alia*, John Doe Defendants, Officer Jose Formoso ("Formoso"), and Unknown Driver for Brendan's Auto Body and Brendan's Auto Body (collectively, the "Defaulting Defendants") as well as, Police Commissioner David E. Chong ("Chong"), and Police Chief James M. Bradley ("Bradley") (collectively, "Defendants") for violations of his rights under the Fourth, Fifth, Eighth, Seventh, and Ninth Amendments of the United States Constitution. Before the Court is Defendants' motion to dismiss the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Defendants' Motion"). (*See* Defendants' Brief in Support of the Motion ("Defs. Br.") (ECF No. 188).)[1] For the following reasons, Defendant's motion is GRANTED.

---

[1] In opposition to Defendants' Motion, Plaintiff filed a Notice of Motion in Opposition ("Not. Mot."), (ECF No. 180), an Affirmation in Support ("Plf. Aff."), (ECF No. 181), and a Memorandum of Law in Support ("Plf. Br."), (ECF No. 182).

## BACKGROUND

As the sufficiency of the allegations in the SAC is not the central question on Defendants' Motion, the Court declines to recount all of the facts alleged therein and will instead provide the procedural history and facts from the SAC only where relevant.

Plaintiff initiated this action pursuant to Section 1983 on February 1, 2013 (the "Original Complaint"). (*See* ECF No. 2.) By Order to Amend dated June 19, 2013, then Chief Judge, Loretta A. Preska directed Plaintiff to file an amended complaint containing adequate details concerning the nature of the alleged constitutional violations and the roles of each of the named defendants in each of those violations. (*See* ECF No. 5.) Thereafter, Plaintiff filed his Amended Complaint, adding as defendants David E. Chong ("Chong") and James M. Bradley ("Bradley"), who were not previously identified in the Original Complaint. (*Compare* ECF No. 2 *with* ECF No. 14.) In this iteration of the complaint, Plaintiff included claims against certain John Doe Defendants as well. (*See* ECF No. 14 ¶¶52, 98-99, 103, 106.)

Following the filing of the Amended Complaint, Defendants were directed to identify the listed John Doe Defendants so that Plaintiff could amend his complaint accordingly. (*See* ECF Nos. 21.) Defendants attempted to comply with this directive by providing Plaintiff with a copy of the White Plains Police Department Roster for the period at issue. (*See* ECF No. 30.) This Court rejected that information as not in keeping with the mandates of *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) and granted Defendants an additional 60 days to comply with the Court's order. (*Id.*) The Court further noted that, once Plaintiff received such information from Defendants, he would have 21 days within which to amend his complaint to replace the John Doe Defendants with the individuals identified by Defendants. (*Id.*)

2

Shortly after the issuance of that Order, Defendants sent two letters to Plaintiff identifying certain individuals as potential defendants. One letter dated July 6, 2014 identified Lieutenant Bradley Schneider ("Schneider"), Police Officer Michael Liney ("Liney"), Douglas Guisti, Elizabeth Barksdale, and Michael Sheehy ("Sheehy") as individuals who could be characterized as being "on desk duty" at the precinct the night of Plaintiff's arrest. (*See* Defs. Not. of Mot., Ex. L.) The second letter, dated, July 23, 2014, identified Police Officer Jose Formoso as the individual that signed the receipt for the $25.00 Plaintiff paid to release his car from impounding. (*See Id.* Ex. M; ECF No. 32; *see also* ECF No. 14 ¶ 52.)

By April 29, 2015, Plaintiff had yet to file a second amended complaint to include these individuals and this Court issued an order granting Defendants' application to file a motion to dismiss the Amended Complaint ("Defendants' First Motion"). (*See* ECF No. 38.) Plaintiff subsequently asked this Court to stay the proceedings. (*See* ECF No. 55.) On June 15, 2015, this Court denied that request, ordered that the briefing schedule on Defendants' First Motion would remain in place, and granted Plaintiff an extension of time to file a second amended complaint. (*Id.*) Plaintiff failed to do so.

Defendants' First Motion was fully submitted on August 13, 2015, (*see* ECF Nos. 79-96), and decided by this Court on March 29, 2016, (*see* ECF No. 101.) By Opinion and Order (the "March 2016 Opinion"), this Court granted Defendants First Motion, denied Plaintiff's motion to strike, and dismissed claims against Chong and Bradley with prejudice. (*Id.* at 10.) Almost a year after this Court issued that Opinion, Plaintiff filed a "motion for relief from Opinion & Order," (*see* ECF No. 171-172), which this Court construed as a motion for reconsideration pursuant to Fed. R. Civ. P 59(e) and denied as untimely, (*see* ECF No. 175), as it had been filed more than 10 months after the March 2017 Opinion was issued, *see* Local Civ. R. 6.3 (prescribing for 14-day

time frame), and otherwise held that, on the merits, Plaintiff failed to make a "showing which warrants the granting of the relief requested," (*see* ECF No. 175.)

On May 10, 2016, Plaintiff moved by Order to Show Cause for default judgment against the Defaulting Defendants. (*See* ECF No. 103.) Default Judgment was issued on August 4, 2016 and Plaintiff was directed to appear before Magistrate Judge Davison for an inquest regarding damages. (*See* ECF No. 121.) When the inquest proceedings concluded, Judge Davison issued a report and recommendation to this Court recommending that Plaintiff's request for damages be denied, and the claims against the Defaulting Defendants be dismissed. (*See* ECF No. 212.) This Court adopted Judge Davison's report and recommendation in its entirety on February 20, 2018, thereby dismissing the claims against the Defaulting Defendants and terminating them from this action. (*See* ECF No. 216.)

Over a year after he had been granted leave to do so, Plaintiff had yet to file his second amended complaint. Instead, Plaintiff requested clarification regarding this Court's June 15, 2015 Order. (*See* ECF No. 123.) On August 5, 2016, in response to that request, this Court informed Plaintiff that he was ordered to file a second amended complaint in June of 2015 and failed to do so, but granted Plaintiff leave to file the second amended complaint on or before August 31, 2016. (*Id.*) Plaintiff filed his SAC on September 15, 2016. (*See* ECF No. 135.)

Relevant to this Opinion, Plaintiff's SAC re-alleges claims against previously dismissed Defendants Chong and Bradley. (*See generally* SAC.) It also alleges claims against the Defaulting Defendants. (*Id.* ¶¶14, 34, 51, 125-27.) With regard to Formoso, Plaintiff alleges that on February 18, 2011, Formoso "extorted" $25.00 from Plaintiff "to 'authorize' the release of his stolen automobile from" Brendan's Auto Body. (*Id.* ¶¶136-38.) While not identified as Defendants in

4

Plaintiff's description of the parties, read liberally, his SAC appears to allege causes of action against Liney, Sheehy, and Schneider as well. (*Id.* at 100-04; 118-20.)

## STANDARD OF REVIEW

To withstand a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Critically, the plaintiff must plead sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.

*Pro se* submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis omitted). Courts utilize this policy for pro se submissions based on "the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 475 (internal citations and quotations omitted).[2]

---

[2] Attached to Plaintiff's Opposition are documents that appear to be bench warrants, (*see* Not. Mot., Exs. A-B), and Defendants' July 8, 2014 letter, (*id.* Ex. C.) As the bench warrants relate to conduct that occurred on October 9, 2012 and September 11, 2011, incidents not referred to in any iteration of Plaintiff's complaint, such documents are neither integral to the complaint nor incorporated by reference, and thus will not be considered by this Court. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Chamberlain v. White Plains*, 986 F. Supp. 2d 363, 379 (S.D.N.Y. 2013).

## DISCUSSION

### I. Previously Dismissed Defendants

#### A. Defendants Brendan's Auto and the Unknown Driver

Defendants argue that Brendan's Auto and the unnamed driver should not be included in the SAC as Plaintiff had already been granted Default Judgment against them. (*See* Defs. Br. at 5; *see also* ECF Nos. 121, 185.)

In the time between the filing of Defendants' Motion and this Court's instant Opinion, this Court adopted Judge Davison's recommendation in its entirety, thereby terminating the Defaulting Defendants from this action with prejudice. (*See* ECF No. 216.) As a result, any claims asserted against the Defaulting Defendants were previously dismissed on the merits, and thus cannot now stand. *See Ong v. Park Manor Rehab. and Healthcare Ctr.*, No. 12-CV-974(KMK), 2015 WL 5729969, at *23 (S.D.N.Y. Sept. 30, 2015) (granting motion regarding defendants previously dismissed with prejudice). Defendants' Motion in this regard is granted.

#### B. Defendants Chong and Bradley

Defendants also argue that claims against Chong and Bradley asserted in the SAC should be dismissed as they were previously dismissed from this matter.

In the March 2016 Opinion, this Court dismissed the Amended Complaint against Chong and Bradley *with* prejudice and terminated them from this action. (*See* ECF No. 101.) Plaintiff's SAC, filed thereafter, again asserts claims against Chong and Bradley. (*See generally* SAC.) On this ground alone, Defendants' Motion should be granted. *See Ong*, 2015 WL 5729969, at *23; *Cancall PCS, LLC v. Omnipoint Corp.*, No. 99-CV-3395(AGS), 2001 WL 293981, at *6 (S.D.N.Y. Mar. 26, 2001) (noting that prior dismissal with prejudice, "by itself, [is] grounds to dismiss").

In opposition to Defendants' Motion, Plaintiff argues that he is permitted to re-assert claims against these previously dismissed Defendants pursuant to Federal Rule of Civil Procedure 60(b). (*See* Plf. Br. at 10-15.) His request is denied.

This is not Plaintiff's first request for reconsideration of the March 2016 Opinion. Indeed, in January of 2017, Plaintiff sought reconsideration, which this Court construed as a motion under Rule 59(e), denied as untimely, and noted it was lacking on the merits. (*See* ECF No. 175.)

Plaintiff's current request, which can only be viewed as a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60, is, preliminarily, improperly imbedded in an opposition to Defendants' Motion, rather than by way of proper motion. (*See* Plf. Br. at 10-19.)[3] Nevertheless, Rule 60(b) permits a party to seek relief from a final judgment within the requisite time frame. *See* Fed. R. Civ. P. 60. By its very terms, Rule 60 requires denial of Plaintiff's request, as such an application pursuant to 60(b)(1)-(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[4] *See* Fed. R. Civ. P. 60(c)(1). This "limitations period is 'absolute.'" *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *see also Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 189 (2d Cir. 2006) (noting 1-year limitations period for such motions).

Rule 60(b)(6) will not salvage Plaintiff's request. "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule60(b)(1)-(5)." *Warren*, 219 F.3d at 114 (citing *Liljeberg v. Health Serv. Acquisition Corp.*,

---

[3] Plaintiff's request did not follow proper procedure, as it was made without leave of court, in contravention of this Court's Individual Practice Rules, *see* Román, J., Indiv. Prac. R. 3.A., and does not comply with Local Civ. R. 7.1(a),(b).

[4] This time frame pertains to those motions on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *See* Fed. R. Civ. P. 60(b),(c)(1). Construed liberally, Plaintiff's Opposition argues that he is entitled to relief from this Court's March 2016 Opinion due to misconduct on the part of the Defendants.

7

486 U.S. 847, 863 & n.11 (1988)). The only other ground in which Plaintiff's request can be interpreted as rooted is one that Plaintiff's failure to comply with the statute of limitations was due to excusable mistake, (*see* Plf. Br. at 13, 21), which is expressly covered by Rule 60(b)(1). Notably, "Rule 60(b)(6) may not be used to circumvent the 1-year limitations period that governs Rule 60(b)(1)." *Warren*, 219 F.3d at 114. Plaintiff's request is denied.

Even on the merits, Plaintiff's Rule 60(b) request would fail. The entirety of Plaintiff's request as to Chong and Bradley is almost an exact replication of the affirmation he submitted in support of his "motion for relief from Opinion & Order" dated January 5, 2017. (*Compare* ECF Nos 181-82 *with* ECF No. 172.) For example, Plaintiff argues that Chong and Bradley's connection to the City of White Plains is apparent, (*compare* Plf. Br. at 17-18 *with* ECF No. 172 at 9-10), that the conduct alleged against Chong and Bradley "had arisen out of conduct set out in the original pleading", (*compare* Plf. Br. 182 at 16 *with* ECF No. 172 at 13), and that "Plaintiff did not know that such defendants must be named, when he filed the original complaint", (*compare* Plf. Br. at 16 *with* ECF No. 172 at 13.) Such arguments amount to an attempt to impermissibly re-argue issues already decided. *See In re Facebook, Inc., IPO Secs. and Derivative Litig*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("A party seeking reconsideration may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented to the Court.'"); *Saleh v. Francesco*, No. 11-CV-438(PKC), 2012 WL 1071261, at *3 (S.D.N.Y. Mar. 30, 2012) (noting that Rule 60(b) does not permit second bites of the apple). Defendants' Motion is granted in this respect.

## II. John Doe Defendants

In rendering the March 2016 Opinion, this Court was confronted with the issue of statute of limitations against John Doe defendants and found that Plaintiff's insertion of Chong and

8

Bradley in the Amended Complaint was barred by the statute of limitations. *See McLaughlin v. Chong*, No. 13-CV-0807(NSR), 2016 WL 1276470, at *3-5 (S.D.N.Y. Mar. 29, 2016). In so finding, this Court detailed the law related to the statute of limitations with respect to claims pursuant to Section 1983 alleged against John Doe defendants. *Id.* The Court now draws on the standard detailed therein and the reasoning therefrom in rendering the decision on Defendants' Motion. To the extent Plaintiff is alleging claims against Liney, Sheehy, or Schneider, such claims are time-barred and do not relate back to the timely asserted claims. Moreover, to the extent Plaintiff is still attempting to assert claims against other John Doe defendants, such claims are also time-barred.

The statute of limitations on Section 1983 claims is three-years, as dictated by New York state law, *see Owens v. Okure*, 488 U.S. 235, 249-51 (1989) (noting that courts apply statutes of limitations from state personal injury law because Section 1983 does not have one); *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013), and accrues from the time "when the plaintiff knows or has reason to know of the injury which is the basis of his action," *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see also* N.Y. C.P.L.R. § 214. Though a Plaintiff may assert claims against a John Doe when he does not know the identity of a defendant, "John Doe" pleadings "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued," *Aslinidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) (internal citations omitted); thus, John Doe substitutions must be made within the applicable statute of limitations period, or relate back to the date of the original complaint, *id.*

### A. Liney, Sheehy, and Schneider

Pursuant to Fed. R. Civ. P. 15(c)(1)(C), relation back is appropriate where:

> (1) the claim must have arisen out of conduct set out in the original pleading;
> (2) the party to be brought in must have received such notice that it will not

be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d Cir. 1995) (internal quotations omitted).

Critically, the Second Circuit has held that this rule "preclude[s] relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 517 (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)). Additionally, relation back due to a mistake concerning the identity of the parties is allowed, but the "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow*, 66 F.3d at 470. It is clear that Plaintiff's claims against Liney, Sheehy, or Schneider fail to meet the federal standard, as they were not listed in any iteration of Plaintiff's Complaint until nearly two years after the information concerning their identities was provided to Plaintiff; their late identification is not due to mistake. (*Compare* Defs. Not. of Mot., Ex. L *with* ECF No. 135.)[5]

### B. Remaining "John Doe" Defendants

To the extent Plaintiff is attempting to raise any claims against John Doe Defendants that he has yet to explicitly identify in the SAC, such claims must be dismissed.

---

[5] Where relation back cannot be achieved under Rule 15(c)(1)(C), Rule 15(c)(1)(A), requires courts to consider whether relation back would be appropriate under the applicable state law standard, *see* Fed. R. Civ. P. 15(c)(1)(A); *Hogan*, 738 F.3d at 518, which in New York, is considerably more lenient than the federal standard with respect to John Doe defendants. New York's standard permits relation back where: (1) the plaintiff "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant by name"; and (2) the plaintiff "describe[d] the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Id.* at 519 (internal quotations and citations omitted). Coincidentally, Plaintiff's Opposition confirms that he has no intention of pursuing claims against Liney, Sheehy, or Schneider. (*See* Plf. Opp. at 20 ("There is no intention to name Officers Sheehy, Liney and Schnieder as primary defendants in this instant matter . . . .").) The Court therefore declines to consider whether the New York State relation back standard would save potential claims asserted against them.

It is well-settled that proper pleading of any Section 1983 claim requires allegations demonstrating the personal involvement of each defendant in a constitutional violation. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Such rules apply to John Doe Defendants as well. *See Ritchie v. Northern Leasing Sys.*, 14 F. Supp. 3d 229, 237-38 (S.D.N.Y. 2014) (discussing that allegations against John Doe defendants must meet Rule 8(a)). Here, Plaintiff has clearly replaced any factual allegations relating to John Does from the Amended Complaint with allegations against Liney, Sheehy, Schneider, and Formoso in the SAC. (*Compare* ECF No. 14 ¶¶52, 98-99, 103, 106 *with* ECF No. 135 ¶¶50, 102-03, 119, 137.) The remaining factual allegations pertain to already identified defendants only. The SAC contains no factual allegations against any John Doe defendants, despite their identification as parties to this action. (*See* SAC ¶¶12-13.) It thus fails to give fair notice to John Doe defendants listed therein. *See Ritchie*, 14 F. Supp. 3d at 237-38; *see also Greene v. City of New York*, No. 14-CV-3896(PAE), 2015 WL 1381620, at *3 (S.D.N.Y. Mar. 25, 2015) (dismissing claims against John Doe where complaint "does not allege how this individual was personally involved in any violation" of plaintiff's constitutional rights).

Moreover, the addition of any such defendants would clearly be beyond the expiration of the statute of limitations, as the SAC was filed over three years after the Original Complaint was filed, (*compare* ECF No. 2 *with* SAC), and any such additions would not relate back to the timely filing of the Original Complaint under either federal or state law.

Under federal law, the future addition of Defendants not currently named in the SAC would not be "to correct a mistake but to correct a lack of knowledge", necessarily failing to meet the requirements of Rule 15(c), as detailed above. *Barrow*, 66 F.3d at 470.

The addition of future defendants not currently identified in the SAC would likewise fail under the more forgiving state standard, as the SAC contains no factual allegations specifying unconstitutional conduct allegedly performed by any of the John Doe Defendants; hence Plaintiff would be unable to demonstrate that he "describe[d] the John Doe party in such form as w[ould] fairly apprise the party that [he was] the intended defendant." *Hogan*, 738 F.3d at 519. Defendants' Motion is granted in this regard as well.

### III. Claims Against Officer Formoso[6]

Plaintiff's SAC alleges violations of the Fourth, Fifth, Seventh, and Fourteenth Amendments against Officer Formoso. (*See* SAC ¶¶136-138.) Specifically, Plaintiff alleges that "$25.00 was extorted from [him] by Police Officer JOSE FORMOSO . . . to 'authorize' the release of his stolen automobile." (*Id.* ¶137.) Though Plaintiff cites to various Constitutional Amendments as support for his claim, read liberally, Plaintiff only appears to be asserting a claim for extortion. Such a claim must fail. Additionally, no permutation of the facts would permit this Court to find that a cognizable claim under the Fourth, Fifth, Seventh, or Fourteenth Amendment is being asserted.

Plaintiff's claim for extortion, against either Formoso or the City of White Plains, fails as a matter of law. First, there is no private right of extortion in either federal or New York law. *See Carvel v. Ross*, No. 09-CV-0722(LAK)(JCF), 2011 WL 856283, at *12 (S.D.N.Y. Feb. 12, 2011) (collecting cases), *report and recommendation adopted* 2011 WL 867568 (Mar. 11, 2011). Moreover, Plaintiff cannot attempt to allege extortion by Formoso as a predicate act under the Racketeer Influence and Corrupt Organizations Act ("RICO"). Critically, in addition to demonstrating the commission of two or more predicate acts that constitute racketeering activity

---

[6] Defendants do not contend that Officer Formoso's belated addition to the SAC cannot relate back to the original complaint; they only take issue with Plaintiff's purported ability to state a claim against him. (*See* Defs. Br. at 5-10.)

on behalf of an enterprise that engages in conduct which affects interstate commerce, *see* 18 U.S.C. §§ 1961 *et seq.*, a Plaintiff must also "allege that he was injured in his business or property by reason of" a violation of RICO. *Kashelkar v. Rubin & Rothman*, 97 F. Supp. 2d 383, 391 (S.D.N.Y. 2000). Where, as here, a Plaintiff merely alleges "injury" to "his personal interests", *id.*, or fails to demonstrate "at least two acts of racketeering activity", a RICO claim cannot lie, *Sasmor v. Meisels*, 708 F. App'x 728, 730 (2d Cir. 2017) (summary order). Claims against Formoso are thus dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED. Plaintiff's claims against Defendants Chong, Bradley, and the Defaulting Defendants have already been dismissed, and will not be reinstated. By Plaintiff's own admission, he does not seek to assert claims against Defendants Sheehy, Liney, and Schneider. Consequently, he cannot amend his complaint to add them as Defendants to replace the John Does identified. Plaintiff otherwise cannot proceed against any other John Does at this point. Finally, Plaintiff's claim against Defendant Formoso must be dismissed. The Clerk of the Court is requested to terminate the motion at ECF No. 185 and terminate the action against John Does 1-5 and Defendant Formosa, as the SAC is dismissed against them with prejudice. The Clerk of the Court is also respectfully directed to mail a copy of this Opinion and Order to Plaintiff at his address as listed on ECF.

Dated: August 9, 2018  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

13