UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DON ALAN MCLAUGHLIN,

                           Plaintiffs,

-against-

DITTER A BARON, et al.,

                           Defendants.

13-CV-807 (NSR)(PED)
**ORDER ADOPTING REPORT
AND RECOMMENDATION**

NELSON S. ROMÁN, United States District Judge:

Plaintiff, Don Allan McLaughlin ("Plaintiff" or "McLaughlin") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging various violations under the Fourth, Fifth, Seventh, Eighth and Ninth Amendments of the U.S. Constitutional rights against various Defendants. Presently before the Court, is a Report and Recommendation ("R&R") issued by the Honorable Magistrate Judge Paul E. Davison ("MJ Davison") recommending that this Court dismiss Plaintiff's operative complaint pursuant to Fed. Rule of Civil Procedure § 37(b)92(A)(v) and (d) ("Rule 37") due to Plaintiff's failure to comply with discovery. For the following reasons, the Court adopts the R&R in its entirety and the complaint is deemed DISMISSED.

**Procedural Background**

Plaintiff filed his initial complaint on or about February 1, 2013, alleging claims sounding in violations of Section 1983. (ECF No. 2.) On June 11, 2015, Plaintiff's filed an amended complaint. (ECF No. 14.) By Opinion and Order dated March 29, 2016, the Court dismissed all of Plaintiff's claims asserted against defendants Chong and Bradley. (ECF No. 79.) By Order of Reference, dated July 15, 2016, the Court referred this case to MJ Davison for all pre-trial matters. (ECF No. 116.) As documented by MJ Davison, Plaintiff failed to appear at the first scheduled


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/2020

conference on August 25, 2016, and several thereafter. On September 15, 2016, Plaintiff filed a second amended complaint. (ECF No. 135.) By Opinion and Order dated August 8, 2018, the Court dismissed all claims asserted against Defendants Formosa and John Does 1-5. (ECF No. 221.)

On October 23, 2018, MJ Davison presided over a conference wherein the parties appeared and were instructed that all depositions were to be completed by December 31, 2018. At a December 6, 20018 conference, Plaintiff requested additional time to complete discovery. The Court granted an extension until February 28, 2019 but directed that all depositions, including party depositions, were to be completed by mid-January 2019. At a February 7, 2019 conference, the parties informed MJ Davison that depositions had not been completed due to Plaintiff "not feeling well." After a short colloquy, the Court extended the discovery deadline, including the taking of depositions to April 19. 2019. On April 19, 2019, depositions had not been completed. Plaintiff, however, made a written requested that the Court send him "proofs of claims" as a condition of his appearance at a scheduled April 23, 2019 conference. In response, the Court cautioned Plaintiff of his failure to comply with discovery as directed.

On April 23, 2019, Plaintiff appeared before MJ Davison, agreed to appear for a deposition and to produce a witness, Ms. Cumberbach, to be deposed on May 14, 2019 at 11:00 a.m. at defense counsel's office. The Court cautioned Plaintiff that his failure to participate in the deposition may result in dismissal of his claims. Plaintiff failed to appear for his May 14, 2019 deposition. By Order dated May 21, 2019, the Court afforded Plaintiff one more opportunity to appear for a deposition, and directed Plaintiff to contact defense counsel to arrange a mutually convenient date, within thirty days, for the taking of the deposition. (ECF No. 285.) On June 11, 2019, Plaintiff failed to appear for at a scheduled discovery conference before MJ Davison. At the conference, defense counsel informed the Court of his efforts to schedule the deposition and of Plaintiff's reluctance to cooperate. Defense counsel did indicate that Plaintiff represented that he

would be available to appear for a deposition on June 24, 2019, after the Court imposed deadline for completion of discover. On June 12, 2019, the Court issued an order directing Plaintiff to appear for a deposition at defense counsel's office on June 24, 2019 at 11:00 a.m. The Court once again cautioned Plaintiff that failure to comply with it's directive may be grounds for dismissing Plaintiff's claims. (ECF No. 289.) On June 24, 2019, Plaintiff again failed to appear for the scheduled deposition as directed by the Court.

Due to Plaintiff's failure to appear for deposition and prolonged delays in completing discovery, Defendants moved to dismiss. (ECF No. 298.) Defendant's motion was referred to MJ Davison by Order of Reference. (ECF No. 296.) Despite being granted an extension of time to oppose the motion. Plaintiff failed to file opposition papers.

On December 9, 2019, MJ Davison issued a R&R recommending that the Court dismiss Plaintiff's complaint pursuant to Rule 37 due to Plaintiff's failure to appear for deposition. In the R&R, MJ Davison chronicles Plaintiff's history of delay, non compliance with court-ordered discovery, and repeated failures to appear for scheduled depositions.

**Standard of Review**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. § 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. § 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P.§ 72(b)(2), (3*)*. However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need

only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); accord *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. § 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv- 5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has

been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**Rule 37**

Rule 37 (b) provides in relevant part that if a party fails to obey an order to provide or permit discovery, including an order directing the taking of a deposition, the court may issue further just order(s), including dismissing the action in whole or in part, for non-compliance. Fed. R. Civ. P. § 37(b)(2)(v). Rule 37 (d) provides in relevant part that a court may, on motion, order sanctions, including dismissal in whole or in part of an action, for a party's failure to appear for that person's deposition. Fed. R. Civ. P. § 37(d)(1)(A) and (d)(3). In the Second Circuit, "[d]ismissal under Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances." *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2nd Cir.1977). Dismissal pursuant to Rule 37 should only be imposed upon a showing of "bad faith, or "callous disregard." *Natal Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

**Discussion**

In the present case, the R&R advised the parties that they had 17 days from dated of service of the R&R to file any objection, and warned that failure to timely file such objection would result in waiver of any right to object. In addition, it expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the R & R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the R&R, unguided by objections, and finds the R&R to be well reasoned, grounded in fact and law, and finds no clear error. Accordingly, the Court adopts the R&R in its entirety. Plaintiff's second amended complaint is dismissed due to Plaintiff's willful failure to comply with discovery orders and to appear for deposition.

**Conclusion**

The second amended complaint is DISMISSED for failure to comply with discovery orders and for Plaintiff's failure to appear for deposition. The Clerk of Court is directed to terminate the action, to mail a copy of this Order to Plaintiff at his last known address and to show proof of service on the docket.

Dated: Jan. 9, 2020
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge